UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JULY JUSTINE SHELBY,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, ET AL.,

        Defendants,

-------------------------------------------------------------X

**SCHEDULING ORDER**
26 CV 1479 (PKC) (SDE)

**EICHENHOLTZ**, United States Magistrate Judge:

The parties in this case are directed to appear for an **INITIAL CONFERENCE** as follows:

        DATE:        **MAY 28, 2026**

        TIME:        **12:00 PM**

        LOCATION:    Courtroom 324 N

Plaintiff's counsel is respectfully directed to confirm that all parties or their attorneys have received this Order and are aware of the conference.

**A. Attorney Attendance Required**

To ensure that the initial conference is meaningful and serves its purpose under the Federal Rules of Civil Procedure, an attorney who has entered an appearance on ECF and who is familiar with the details of the case must appear at the initial conference. The Court does not permit *per diem* or contract attorneys to appear at conferences, unless such attorneys possess the requisite familiarity and authority with respect to the case and intend to assume the obligations attendant to appearance. These requirements are laid out in detail in Section IV, A of Judge

1

Eichenholtz's Individual Practices and Rules, attached to this Order. <u>See</u> <u>also</u> L. Civ. R. 1.4. The Court does, however, encourage the participation of relatively inexperienced attorneys, so long as they possess the authority to commit the client to a discovery schedule.

## B.  Adjournments

Any request for an adjournment <u>must</u> be in writing and filed electronically on ECF as a "Motion to Adjourn Conference"[1] **at least two (2) full business days** prior to the scheduled matter. Please review Section III, B of Judge Eichenholtz's individual rules to make sure to include all the required information in the request.

## C.  Rule 26(f) Meeting

As required by the Federal Rules of Civil Procedure counsel shall, as soon as possible and in any event at least 14 days before the Initial Conference, meet to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, arrangements for their initial disclosures under Rule 26(a)(1), and the contents of a proposed discovery plan, including the matters set forth in Rule 26(f)(3)(A)-(F). <u>See</u> Fed. R. Civ. P. 26(f).

To assist the parties in complying with the requirements of Rule 26(f)(2) and (3), the Court has attached a Discovery Plan and Proposed Order that sets forth topics the parties should discuss at their meeting.[2] The proposed discovery must be filed on the ECF system using the

---

[1] In the ECF Civil Events menu, select the *Motions* category and then select the *Adjourn Conference* event. For assistance with docketing, contact the Clerk of the Court's Docketing Section at (718) 613-2610.

[2] The Discovery Plan and Proposed Scheduling Order is also available in Word format at https://img.nyed.uscourts.gov/files/local_rules/SDE_Discovery%20plan.docx

*Report of Rule 26(f) Planning Meeting* category available under *Other Documents* in the *Civil Events* menu on the date specified in the order scheduling this conference.

## D.  Mandatory Initial Disclosures

The parties are reminded that Rule 26 of the Federal Rules of Civil Procedure requires the parties to provide certain information and documents to the other parties without awaiting a discovery request.  See Fed. R. Civ. P. 26(a)(1)(A).  It is expected that all mandatory disclosures will have been made prior to the Initial Conference.  See Fed. R. Civ. P. 26(a)(1)(C).  If the parties are unable to exchange initial disclosures prior to the conference, they should be prepared to discuss the anticipated time required to complete exchanging initial disclosures with the Court. The parties are also strongly encouraged, but not required, to exchange initial sets of interrogatories, requests for production of documents, and, when applicable, releases for relevant records prior to the initial conference.

## E.  Important Requirements

It is the responsibility of ALL parties to confirm that their contact information is correct on the docket sheet and to monitor the status of their cases in order to avoid missing court appearances or deadlines.  The parties must also promptly send written notice to the judge, the Clerk of the Court, and counsel for all other parties of any changes in mailing address, e-mail address, and/or telephone number.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2026

/s/ Seth D. Eichenholtz
Seth D. Eichenholtz
United States Magistrate Judge
Eastern District of New York

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

_____,

Plaintiff(s),

v.

_____,

Defendant(s).

------------------------------X

Docket No.

____-CV-_____

(_____)(SDE)

### DISCOVERY PLAN AND [PROPOSED] SCHEDULING ORDER

Upon consent of the parties, it is hereby ORDERED as follows:

**I.     Case Management Schedule**

| Event | Proposed Deadline *(Write "Complete" if done or "N/A" if not applicable)* |
|---|---|
| **Exchange of Fed R. Civ. P. 26(a)(1) disclosures** *(Presumptively on or before the initial conference)* | |
| **Exchange of initial interrogatories and document requests** *(Presumptively on or before the initial conference)* | |
| **Amendment of pleadings absent leave of the Court** | |
| **Joinder of additional parties** | |
| **Completion of fact discovery** *(Presumptively no more than 90-150 days after the initial conference)* | |

| | |
|---|---|
| **Service of Plaintiff(s) expert disclosures** | |
| **Service of Defendant(s) expert disclosures** | |
| **Completion of all discovery**<br>*(Presumptively 240 days after the initial conference)* | |
| **Deadline to initiate dispositive motion practice**<br>*(Unless the parties consent to Judge Eichenholtz, this date must be consistent with the assigned District Judge's Individual Practices and Rules)* | |

## II.    Other Matters Addressed During Parties' Rule 26(f) Conference

1.    The parties propose that the Court hold a settlement conference or refer the case to the EDNY's Court-annexed mediation program pursuant to Local Civil Rule 83.8 at the following point in discovery (*e.g.* as soon as possible, prior to depositions, after depositions of the parties, prior to expert discovery, etc.):

_____

Check all that apply:

☐ Parties request a settlement conference with the Court

☐ Parties request a referral to Court-annexed Mediation

☐ Parties intend to pursue a private mediation or arbitration

2.    Have the parties discussed the existence of **electronically stored information (ESI)** and discussed the location and production of such information, as required by Fed. R. Civ. P. 26? ☐ Yes  ☐ No

3.    Have the parties agreed to an **ESI protocol?** ☐ Yes  ☐ No  ☐ Not applicable

4.    Have the parties discussed issues and reached agreement about how they will handle **claims of privilege or protection as trial preparation materials?**

☐ Yes  ☐ No

5. If the parties are requesting that the Court issue any additional discovery related orders, including any proposed order related to the timing and method for complying with Rule 26(b)(5)(A) or asserting claims of privilege or protection as trial preparation materials after information is produced, please detail those requests below (adding additional rows if necessary):

| Description of Proposed Order with Relevant Authority | Proposed Language |
| --- | --- |
|  |  |
|  |  |

6. The parties are asked to discuss the **option to consent to Judge Eichenholtz for all purposes** pursuant to 28 U.S.C. Section 636(c). Either or both parties may withhold consent without adverse consequences. If the parties agree to consent to Judge Eichenholtz, they are encouraged file the consent form (available at https://www.nyed.uscourts.gov/sites/default/files/uploads/mjconsentform.pdf) prior to the initial conference. Check one of the options below:

☐ The parties have discussed the option and **all parties consent**. The parties will file the consent form prior to the initial conference.

☐ The parties have discussed the option and one or more parties **do not consent** at this time.[3]

---

[3] As a reminder, for cases assigned directly to Judge Eichenholtz under the Eastern District of New York's Direct Assignment Program, the parties must file an acknowledgement form within seven days of the initial conference if they do not consent.

The dates proposed in this Scheduling Order may be altered or amended only upon a showing of good cause not foreseeable as of the date of this order.

CONSENTED BY:

| Attorney for Plaintiff | Attorney for Defendant(s) |
|---|---|
| Name: | Name: |
| Address: | Address: |
| Telephone: | Telephone: |
| Email: | Email: |

SO ORDERED:

Dated: Brooklyn, New York

_____

_____
**SETH D. EICHENHOLTZ**
United States Magistrate Judge

## INDIVIDUAL PRACTICES AND RULES OF
## MAGISTRATE JUDGE SETH D. EICHENHOLTZ

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Courtroom: 324N / Chambers: 304N
Telephone: 718-510-9710 (Chambers)
Email: Eichenholtz_Chambers@nyed.uscourts.gov
Courtroom Deputy: Diana Caggiano (718-510-9714)

### *Updated November 3, 2025*

Unless otherwise ordered by the Court, matters before Judge Eichenholtz will be conducted pursuant to the following practices and rules. *Pro se* litigants and attorneys representing parties in cases with *pro se* litigants should review the Court's specific practices for those cases.

I.    CONSENTING TO MAGISTRATE JUDGE JURISDICTION

Should the parties consent to the jurisdiction of Judge Eichenholtz for all purposes, the parties shall promptly file the Notice of Option to Consent to Magistrate Judge Jurisdiction.

II.    COMMUNICATIONS WITH CHAMBERS

A.  Electronic Case Filing (ECF)

Except as provided below, parties must use the Electronic Case Filing (ECF) system to communicate with the Court.[4] Attorneys will receive notification of all court orders through the ECF system.  When filing any document via ECF, parties must use the appropriate event type **(when filing a letter asking the Court to take an action, this is typically "motion" and not "letter" or "status report")** and a brief description of the document.  Unless specifically directed otherwise, parties should **not** provide courtesy copies of documents filed by ECF to Chambers.

B.  Telephone Calls

Parties may contact Chambers by telephone only as permitted in these rules, as instructed by the Court, or in emergency situations requiring immediate attention.  Parties may contact the Courtroom Deputy with questions about scheduling matters by telephone, but all adjournment requests must be filed on ECF as set forth in Section III.

---

[4] Parties are advised to contact the ECF help desk for any ECF-related questions.

1

### C. E-Mail

E-mail messages to Chambers are not permitted, except as specified in these rules or as instructed by the Court. Parties with urgent issues should contact the Chambers by telephone, not by e-mail. When authorized, e-mails should be sent to Eichenholtz_chambers@nyed.uscourts.gov. Unless the e-mail contains an authorized *ex parte* submission, parties should copy all parties' counsel when sending an e-mail to Chambers.

### D. Required Notification to Chambers

All parties shall immediately notify Chambers by telephone or e-mail if (1) any party has reason to believe that there may be grounds that Judge Eichenholtz should be recused from a pending matter or (2) where a case has settled, when unable to promptly notify the Court by ECF.

### III.    REQUESTS FOR ADJOURNMENTS OR EXTENSIONS OF TIME

#### A. Timing

All requests for adjournments[5] or extensions of time shall be filed on ECF as a "Motion" (not a "Letter") at least two (2) business days prior to the scheduled appearance or deadline. Parties who do not meet this deadline must provide a good faith basis for the late request and must notify Chambers by telephone about the filing of a late request.

#### B. Required Contents

Any adjournment or extension request must include the following information: (1) the appearance date or deadline you wish to adjourn or extend; (2) the number of previous requests for adjournment or extension (by any party); (3) whether those previous requests were granted or denied; (4) whether the other party or parties consent (including any reasons given for withholding consent); and (5) whether the request affects any other scheduled Court appearance or deadline. Parties seeking an adjournment of a case management deadline should propose a revised schedule addressing all deadlines impacted by the extension. Parties seeking the adjournment of a conference should propose at least three new dates for the conference when all parties are available.

---

[5] Any request to convert an in-person conference to a virtual (telephone or video) conference is considered a request to adjourn. Because the Court is intentional in the format it selects for conferences, the request must contain good cause for the change in format and comply with the requirements in III.A and B, including that the request be filed at least two (2) business days prior to the conference.

2

### C. Effect of Filing

The filing of an adjournment or extension request does not stay existing deadlines and conference dates. Unless the Court grants an adjournment or extension, parties must adhere to all existing conference dates and scheduling deadlines. In the event a deadline is approaching, a party may contact Chambers by telephone to advise the Court of the urgency of addressing the adjournment or extension request.

## IV. APPEARANCES

### A. Appearances of Counsel

Any attorney appearing before the Court must first enter a notice of appearance on ECF prior to their first appearance. Counsel shall appear promptly for all conferences. When appearing, counsel must be fully familiar with the case and authorized to discuss (1) the parties' progress in the case; (2) scheduling of further proceedings; and (3) the possibility of settlement and status of any settlement discussions. Counsel must also be familiar with all orders and rules related to the conference. The Court may consider a party failing to appear if the counsel representing the party does not meet criteria set forth in this section.

### B. Participation of Junior Attorneys and Law Students

The United States District Court for the Eastern District of New York is a teaching court, and the Court encourages opportunities for junior attorneys and law students to appear and participate in proceedings. The Court will permit multiple attorneys to appear for a party if this creates an opportunity for junior attorneys to participate. The Court will also grant leave in appropriate cases for law students to participate under the supervision of an admitted attorney. The Court recognizes that the decision of who conducts each proceeding is with the lawyer in charge of each case, and, ultimately, the represented party.

## V. INITIAL CONFERENCES IN CIVIL CASES

### A. Parties' Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f), the parties must meet and confer at least one week prior to the Initial Conference to discuss the nature and basis of their claims and defenses, the parties' position on settlement, and a proposed discovery plan.

### B. Parties' Proposed Discovery Plan

At least seven (7) days before the Initial Conference the parties must file on ECF a joint proposed discovery plan using the model provided by the Court. In the event the parties are unable to reach agreement on any of the deadlines in the proposed discovery plan, the parties should note any areas of disagreement in the joint submission.

## C.  Discovery Exchanges Prior to the Conference

Prior to the initial conference, the parties are required to exchange Rule 26 initial disclosures and are strongly encouraged to exchange initial sets of interrogatories, requests for production of documents, and, when applicable, releases for relevant records.  Making these exchanges ahead of the conference will make the initial conference more productive.  If the parties are unable to make these initial exchanges prior to the conference, they should come to the conference prepared to discuss why they could not make these exchanges ahead of the conference.

## VI.     CIVIL DISCOVERY PRACTICES

### A.  Parties to Conduct Discovery

Parties are expected to conduct discovery on their own in good faith and within the scheduling deadlines set by the Court.  Parties should not file discovery requests and responses with the Court.  When a dispute arises, the parties must first try to resolve it themselves and in good faith before seeking judicial intervention.  *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rules 26.4 and 37.2.  Once those efforts are exhausted, parties should raise disputes as instructed below.

### B.  Discovery Disputes During Ongoing Depositions

In the event the parties are unable to resolve a dispute during an ongoing deposition, the parties are directed to contact Chambers by telephone with all parties on the line.  The Court will either resolve the matter or instruct the parties on how to proceed.  If the Court is not immediately available to address the dispute, the parties should continue the deposition to the extent possible while waiting for the Court's response.  Under no circumstances should the parties discontinue the deposition without contacting the Court.

### C.  All Other Discovery Disputes

For all other discovery disputes requiring judicial intervention, the parties must file a single letter, jointly composed.  The letter should be filed on ECF using the "motion" event, describing the motion as seeking a discovery conference.  If a party is raising a dispute as part of a status report to the Court, they should file the status report as a "motion" and not as a "status report."  The letter must describe (1) the nature of the dispute; (2) each party's position regarding the facts and law surrounding the dispute; and (3) a description of the parties' efforts to resolve the dispute in good faith prior to filing the motion.  Each party's portion of the joint submission shall be limited to three pages (up to six total pages in the joint letter).  To the extent the parties need to file discovery requests and responses as exhibits to their letter, they must file only those requests and responses relevant to the motion. Unless the Court can resolve the matter based on the letter, the Court will schedule a conference to discuss the dispute and/or set a scheduling order so that the parties can brief a motion to compel or for a protective order.  Absent unforeseen circumstances, applications to compel discovery made later than thirty (30) days prior to the close of discovery will be considered untimely.

4

### D. Confidentiality Orders

Judge Eichenholtz uses a form confidentiality order that the parties may submit to the Court for approval to protect the confidentiality of information exchanged in discovery in appropriate circumstances. The form order is available on the Court's website. If the parties consent to the form order, they should file the proposed order signed by the parties via ECF as a "consent motion," along with a cover letter detailing the kinds of information that will be subject to the order and asking the Court to endorse the stipulation.

If any party seeks to change the language of the form order, the party proposing the changes must submit (1) a letter explaining the basis for the proposed changes and setting forth the parties' positions on those changes; (2) a redlined version of the confidentiality order identifying the proposed changes; and (3) a clean version of the proposed confidentiality order. That party should also send a copy of the proposed order to Chambers (Eichenholtz_chambers@nyed.uscourts.gov) in Microsoft Word format.

## VII.    SETTLEMENT

### A. Settlement Discussions

The parties are expected to discuss the possibility of settlement at every stage of litigation. The Court encourages the parties to exchange demands and offers as early as their Fed. R. Civ. P. 26(f) discovery planning conference. The Court expects that the parties will be prepared to address the possibility of settlement at every appearance, including the initial conference.

### B. Settlement Conferences

The Court will hold a settlement conference at a point in the litigation when it would be productive to do so. The purpose of a settlement conference is to try to resolve the case. Attorneys who appear must be authorized to enter into a settlement on the record on behalf of a party. Client(s) are expected to attend the conference in person, unless the Court specifies otherwise.

To be fully prepared for the conference, the Court requires the following ahead of the conference:

1.    At least fourteen (14) days prior to the Settlement Conference, Plaintiff's counsel shall submit a settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, Defendant's counsel shall submit an offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate. If there is a dispute between co-Defendants represented by different counsel about contribution to a settlement, the counsel for each Defendant should submit to counsel for the other Defendant(s) a brief letter stating that party's position on contribution.

5

2.      At least five (5) business days prior to the Settlement Conference, the parties shall submit *ex parte* settlement letters to Chambers by email to Eichenholtz_chambers@nyed.uscourts.gov. The *ex parte* settlement letters should include the following: (a) the demand(s) and offer(s) exchanged thus far; (b) the strengths and weakness of the party's case; (c) any legal arguments in support of their settlement position and valuation of the case with citations to relevant authorities (including relevant verdicts, decisions, and settlements); (d) what, in the party's view, are the obstacles to resolving the case; and (e) any additional information that the party believes will be helpful to the Court in trying to resolve the case, which must include any special terms the party is requesting as part of a final settlement agreement (confidentiality, indemnification, etc.). As these *ex parte* statements will be treated as confidential and will not be docketed, they should include a realistic valuation of the case and assessment of the party's settlement position. The *ex parte* letters shall be limited to five (5) pages exclusive of attachments.

3.      Counsel should anticipate that the Court may contact counsel for each party individually ahead of the conference to discuss that party's settlement position.

C.  Advising the Court of a Settlement in Principle

When the parties have reached an agreement in principle on the settlement of a case, the parties should promptly file a letter by ECF indicating that they have reached a settlement in principle. If, for some reason, the parties cannot promptly file a letter by ECF, they should immediately call or e-mail Chambers to advise of the settlement. Unless the Court enters an Order otherwise, the parties should file within seven (7) days of a settlement in principle a stipulation of dismissal or a status letter proposing a date to file the stipulation of dismissal.

VIII.   NON-DISPOSITIVE MOTIONS

Unless otherwise directed by the presiding District Judge, all non-dispositive pre-trial motions, including discovery motions, are to be made to Judge Eichenholtz. For discovery motions, follow the process described in Local Civil Rule 37.2 and Section VI of these Rules. For motions for *ad hoc vice* admissions or attorney withdrawals, follow the relevant Local Civil Rules. For all other non-dispositive motions, after first exhausting good faith efforts to resolve the dispute, a party should file a letter motion when permitted under Local Civil Rule 7.1(e) or, alternatively, request a conference about the dispute in anticipation of filing a motion. In certain cases, after submission of the initial letter motion, the Court may order the moving party to file a formal motion, in which case the parties should follow the requirements for formal briefing of motions in Local Civil Rules 6.1 and 7.1.

## IX.    DISPOSITIVE MOTIONS

Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge in accordance with his or her Individual Practices and Rules, unless the parties have consented to Judge Eichenholtz in accordance with 28 U.S.C. § 636(c)(1).

Where the parties have consented to Judge Eichenholtz, the following rules apply:

### A.  Pre-Motion Conferences

1.  Pre-motion conferences are not required in Social Security appeals or habeas cases.  In all other cases, a party must request a pre-motion conference before filing any dispositive motion pursuant to Fed. R. Civ. P. 12 or 56; any motion for a change of venue; or a motion to amend a pleading pursuant to Fed. R. Civ. P. 15 when leave of court is required.[6]

2.  To request a pre-motion conference, the moving party is to file and serve a pre-motion conference letter, not to exceed three (3) pages, setting forth the basis for the anticipated motion.[7]  The letter shall include citations to relevant authority and should provide a brief overview of the anticipated motion.  A party's submission of a pre-motion letter seeking leave to file a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the date of the pre-motion conference.

3.  All parties served with the moving party's pre-motion conference letter are required to serve and file a letter response within five (5) business days of service of the moving party's letter, unless otherwise ordered by the Court.[8]  The response shall not exceed three (3) pages.  When a party responds to a pre-motion conference letter in anticipation of a motion to dismiss, they should state whether they intend to: file an amended complaint as of right, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B); seek

---

[6] When submitting a pre-motion letter regarding a request to amend a pleading, the moving party must comply with Local Civil Rule 15.1.

[7] If the pre-motion conference letter is filed in anticipation of a motion pursuant to Fed. R. Civ. P. 56, the party does not need to file a full statement of facts on a motion for summary judgment (a Local Civil Rule 56.1 Statement) at the time of the pre-motion conference letter, but the letter must describe the general undisputed material facts that will support the motion.

[8] Any letter in response from a party opposing an anticipated motion pursuant to Fed. R. Civ. P. 56 must include a description of the dispute(s) of fact that will serve as a basis for opposing summary judgment and the admissible evidence that supports the dispute.

leave to amend in light of one or more alleged pleading defects; or proceed to briefing on the contemplated motion. Replies are not permitted.

4. In appropriate cases, the Court may construe the pre-motion conference letter, along with counsel's arguments at the pre-motion conference, as the motion itself. The Court may also set a briefing schedule without a pre-motion conference if the Court determines that a pre-motion conference will not be a useful expenditure of the parties' time.

5. If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these Individual Practices and Rules, will deprive the party of a substantive right (e.g. the timing provisions of Fed. R. App. P. 4(a)(4)(A)), the party may file the motion within the time required by the Federal Rules of Civil or Appellate Procedure, together with an explanation of the basis for that conclusion.

B. Motion Papers

1. Motion papers shall be filed promptly at the time of service. Parties should not hold motion papers until all papers are complete. The Court does not follow a "bundling rule."

2. Please follow Local Civil Rule 7.1(b) regarding formatting of memoranda and Local Civil Rule 7.1(c) regarding length of memoranda. Counsel should note that the rule now provides a word limit (as opposed to a page limit) in most cases and requires a certification of the word count. All memoranda must be filed in a text-searchable format.

X. PRE-TRIAL SUBMISSIONS

The parties must file a joint proposed pre-trial order in the format prescribed by the presiding District Judge on or before the deadline set by the Court or as set forth in the presiding District Judge's Individual Practices and Rules.

Where the parties have consented to Judge Eichenholtz for trial, the following rules apply:

A. Joint Proposed Pre-Trial Orders

Unless otherwise ordered by the Court, within sixty (60) days from the date for the completion of discovery in a civil case, the parties shall submit to the Court a joint proposed pre-trial order that includes the following:

1. The full caption of the action;

2. The names, addresses (including firm names), telephone number, and email addresses of trial counsel;

3.     A brief statement by Plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by Defendant as to the presence or absence of subject-matter jurisdiction, each of which shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount;

4.     A brief summary by each party of the claims and defenses that the party has asserted that remain to be tried—without recital of evidentiary matters but with citations to all statutes on which the party has relied— and of the claims and defenses that the party has previously asserted that are not to be tried;

5.     A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

6.     Any stipulations or agreed statements of fact or law that have been agreed to by all parties;

7.     A statement by each party as to the witnesses whose testimony is to be offered in the party's case-in-chief, indicating whether such witnesses will testify in person or by deposition. The statement should also include a brief narrative of the expected testimony for each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown;

8.     A designation by each party of those portions of any deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party;

9.     A table by each party of exhibits to be offered in the party's case-in-chief, with an indication as to whether any party objects to any such exhibits and a brief statement of the nature of the objection (*e.g.*, "relevance," "authenticity," "hearsay"), and a brief response to those objections. The table format below should be followed:

| Exhibit | Description | Objection(s) | Brief response to the Objection(s) |
|---------|-------------|--------------|-------------------------------------|
|         |             |              |                                     |

All exhibits must be pre-marked in the order in which they are expected to be used (using numerals for Plaintiff's exhibits and letters for Defendant's exhibits). Parties are expected to resolve before trial all issues of authenticity or chain of custody. Only exhibits listed will be received in evidence, except for good cause shown.

9

B. <u>Filings Prior to Trial</u>

1.    All motions addressing any evidentiary or other issues that should be resolved *in limine* shall be filed at least fifteen (15) days before the trial unless otherwise ordered by the Court. Parties must provide the Court with copies of any disputed documents as exhibits to the motion. Responses, if any, shall be due five (5) days later. Oral argument will be scheduled if necessary.

2.    <u>For jury trials</u>, proposed jury instructions, *voir dire* questions, and a jury verdict sheet shall be filed at least ten (10) days prior to the start of the trial unless otherwise ordered by the Court. These pre-trial submissions should also be sent to Chambers via email ([Eichenholtz_chambers@nyed.uscourts.gov](mailto:Eichenholtz_chambers@nyed.uscourts.gov)) in Microsoft Word format. Pretrial memoranda are not required for jury trials, but a party may submit one along with these other filings if a party believes it would be useful.

3.    <u>For non-jury trials</u>, if the Court requests a pretrial memorandum, it shall be filed at least ten (10) days prior to the start of the trial. The memorandum should describe the facts the party intends to establish and the application of those facts to the relevant law. Parties need not put citations to evidence in a pre-trial memorandum.

C. <u>Courtesy Copies of Trial Exhibits</u>

Unless otherwise ordered by the Court, each party shall provide the Court with three binders of their pre-marked exhibits with tabs reflecting each exhibit's corresponding number or letter. The parties shall bring their binders to the final pre-trial conference. All exhibits, including demonstrative exhibits, should be exchanged with the opposing party prior to submitting the courtesy copy binder to the Court