

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*
March 29, 2026

<u>BY ECF</u>
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<div style="margin-left:2em">

Re:    *July Justine Shelby v. United States of America*
       <u>Case No. 26-cv-1479 (Chen, J.) (Eichenholtz, M.J.)</u>

</div>

Dear Judge Chen:

This Office represents Defendant United States of America. Pursuant to the Court's April 27, 2026 Order, Defendant respectfully requests a pre-motion conference regarding Defendant's proposed motion to dismiss the Complaint in its entirety, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff July Justine Shelby ("Shelby") asserts a negligence claim under the Federal Tort Claims Act ("FTCA") arising out of her incarceration at the Brooklyn Metropolitan Detention Center ("MDC"). According to the Complaint, Shelby is a transgender woman with gender dysphoria who was housed in an all-male unit at MDC, and while in that unit, from June 30, 2022 until September 9, 2022, was physically and sexually assaulted her daily and drugged by her roommate, until staff moved Plaintiff to a different unit. Plaintiff did not report the alleged abuse and assaults to MDC staff until after she was removed from the unit with her cellmate. Plaintiff also alleges that once moved, she revealed injuries she sustained from her cellmate's assaults, and claims that her medical assessment and care was delayed two weeks, by which time her visible injuries already had healed. Plaintiff's alleged injuries include incontinence, psychological trauma, sexually transmitted conditions, and ineligibility for a vaginoplasty.

**I. The Discretionary Function Exception ("DFE") Applies to BOP's Decision to Assign Plaintiff to the Same Cell as her Alleged Assaulter.**

The DFE limits the government's liability under the FTCA for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government . . . ." 28 U.S.C. § 2680(a). It is well-established that the DFE applies to the United States Bureau of Prison's (BOP's) housing assignment determinations, and that "inmates' injuries arising from such decisions do not defeat application of the discretionary function exception." *E.g.*, *Powell v. United States*, No. 18-cv-5378,

The Honorable Pamela K. Chen
May 29, 2026
Page 2 of 4

2024 WL 4329842, at *5 (E.D.N.Y. Aug. 20, 2024) (Korman, J.); *see* 28 U.S.C. § 2680(a) (describing application of the DFE "whether or not the discretion involved be abused").[1]

Plaintiff bears the burden of showing that the DFE does not apply to her claim. *Clarke v. United States*, 107 F. Supp.3d 238, 246 (E.D.N.Y. 2015) (Kuntz, J.). Here, the Complaint cites no statute, regulation or directive mandating that Plaintiff not be housed where the BOP assigned her.[2] Significantly, the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301 *et seq.*, its associated regulations at 28 C.F.R. § 115, and BOP Program Statements do not mandate any specific BOP action, but instead, contemplate BOP's broad discretion in deciding transgender inmates' housing assignments.[3] Further, the Negligent Guard Theory ("NGT") is unavailing here because there are no alleged facts to establish that the BOP contemporaneously could have known about the alleged attacks, and only allegedly was notified after they ended. *See* Compl. ¶¶ 57-58.

**II. Lack of Jurisdiction: Failure to Exhaust Administrative Remedies** - The Complaint alleges that as a result of Defendant's negligence, *inter alia*, she is no longer a surgical candidate for a vaginoplasty and suffers from non-curable sexually transmitted conditions. (*Id.* ¶¶ 18-19, 79-81.) She did not present these injuries in either SF-95 submitted to the BOP during the administrative process.[4] Although the presentment requirement is "one of notice, not proof," the notice provided must be specific enough to "provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth," including "the nature of claimant's injuries." *Collins v. United States*, 996 F.3d 102, 104-05, 119 (2d Cir. 2021). The SF-95's instructions require that the claimant "state the nature and extent of *each injury* . . . which forms the basis of

---

[1] *Accord Iotova v. Quay*, No. 19-CV-1957 2024 WL 923931, at *8 (E.D.N.Y. Mar. 4, 2024) (Henry, M.J.), report and recommendation adopted as modified, No. 19-CV-01957, 2024 WL 1513642 (E.D.N.Y. Apr. 8, 2024) (Gujarati, J.) ("Courts in this Circuit have routinely held that inmate housing and placement decisions . . . are a 'permissible exercise of policy judgment that the DFE' was designed to insulate from liability.") (collecting cases).

[2] The Complaint states only that "BOP staff have a duty to ensure pretrial inmates' safety and security" (Compl. ¶ 83), but the manner in which the prison facility complies with the statute requiring the BOP to "provide suitable quarters" for, "provide for the safekeeping of," and "provide for the protection" of all inmates, 18 U.S.C. §§ 4042(a)(2), (3), is highly discretionary. *See, e.g., Powell*, 2024 WL 4329842, at *5 (Korman, J.), *Chen v. United States*, No. 09-cv-2306, 2011 WL 2039433, at *7 (E.D.N.Y, May 24, 2011) (Ross, J.); *Rhodes v. Chapman*, 452 U.S. 377, 349 n.14 (1981).

[3] The regulations emphasize the individualized nature of each determination tailored to the characteristics of the inmate, and consideration for whether placement would present management or security problems. *See* 28 C.F.R. §§ 115.42(b), (c). A transgender inmate's own views with respect to his or her own safety "shall" be "given serious consideration," *id.* at 115.42(e), but is not dispositive.

[4] The FTCA provides that an action "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675. Satisfaction of the FTCA's presentment requirement is jurisdictional. *See Collins*, 996 F.3d at 109. Presentment requires "(1) a written notice of claim that sufficiently describes the injury so that the agency can investigate and ascertain the strength of the claim and (2) a sum certain damages claim." *Ruffin v. United States*, 2021 WL 4408039, at *3 (E.D.N.Y. Sept. 27, 2021) (Tiscione, M.J.) (quoting *Romulus v. United States*, 983 F. Supp. 336, 340 (E.D.N.Y. 1997) (Trager, J.)).

2

The Honorable Pamela K. Chen
May 29, 2026
Page 3 of 4

the claim."[5] As Plaintiff failed to identify these injuries in either of the SF-95s that she submitted, Plaintiff failed to exhaust her remedies and is barred from litigating those injuries in this action.[6]

**III.     Plaintiff's Failure to State a Claim as to Any Injuries Caused by a Delay in Medical Care -** Plaintiff alleges that upon discovering her injuries, it was two weeks before medical staff evaluated Plaintiff and they never collected physical evidence when it was still viable. (Compl. ¶ 71.) Assuming for the purposes of a motion to dismiss the Complaint that these allegations are true—they are not—Plaintiff attributes her injuries to abuse by her cellmate, not any delays in care. Accordingly, this aspect of her negligence claim fails.

**IV.     Plaintiff's Failure to State a Claim as to Defendant's Breach of Duty of Care in Housing Plaintiff with her Former Cellmate -** The scope of the Government's duty to protect inmates from other inmates is "limited to risks of harm that are reasonably foreseeable." *Calix v. United States*, 2024 WL 3263361, at *3 (2d Cir. July 2, 2024). Here, Plaintiff alleges that Defendant "should have known" that Plaintiff's cellmate would rape and assault her because Defendant knew that Plaintiff's cellmate was a prison gang member and allegedly had been convicted of a violent crime including rape.  (Complaint at ¶¶ 35-38, 45.) However, an alleged gang member affiliation, with a single alleged prior prisoner assault at another facility does not establish foreseeability of any attacks on Plaintiff. *See Calix v. U.S.*, 2024 WL 3263361, at *3 (noting no evidence that staff had reason to know inmate posed risk to the plaintiff with whom he had no prior dispute based on an earlier dispute between that inmate and a previous cellmate at another facility); *Chen v. U.S.*, 494 Fed App'x 108, 110 (2d Cir. 2012) (summary order) (affirming finding that inmate assault against another inmate was not reasonably foreseeable when the plaintiff had reported only one other instance of assault by that inmate minutes prior). Significantly, Plaintiff does not allege that she had any prior interaction or existing relationship with this inmate—let alone any prior physical altercations. Because the assaults alleged were not reasonably foreseeable, Plaintiff's claim fails on the merits.

For the reasons set forth herein, the United States respectfully requests a premotion conference to discuss a proposed motion to dismiss the Complaint in its entirety.

---

[5] *Accord Harrison v. United States*, 2023 WL 8860409, at *2-3 (E.D.N.Y. Dec. 19, 2023) (Komitee, J.) (noting that the administrative claim "said virtually nothing about the severity of her injuries" and Plaintiff failed to provide the USPS with any support to permit it to assess Plaintiff's claim).

[6] To the extent Plaintiff intends to assert an FTCA claim for conduct occurring prior to June 21, 2022, that would be time-barred as BOP received Plaintiff's initial SF-95 on June 21, 2024.  28 U.S.C. § 2401(b). Defendant notes this defense despite Plaintiff's counsel's representation at the initial conference on May 27, 2026 before Judge Eichenholtz that Plaintiff does not intend to include such conduct, in an abundance of caution due to ambiguity in the Complaint. *See* Compl. ¶ 22 n.3.

3

The Honorable Pamela K. Chen
May 29, 2026
Page 4 of 4

Respectfully submitted

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Tsz Ting Tam
Tsz Ting Tam
Assistant U.S. Attorney
(718) 254-6284
Tsz.Ting.Tam@usdoj.gov

cc:    Leena Widdi (by ECF)
Regina Yu (by ECF)
Remy Green (by ECF)
*Attorneys for Plaintiff*