

June 29, 2026

Hon. Seth D. Eichenholtz
225 Cadman Plaza East
Courtroom 4F
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

  **Re:** <u>**Shelby v. United States of America**</u>**, 26-cv-01479**

Dear Judge Eichenholtz:

  As the Court may recall, my firm represents Plaintiff in the case above.  I write, pursuant to the Court's Jun. 23, 2026 Minute Order directing Plaintiff to provide a "position on whether Judge Eichenholtz's recusal is warranted under these circumstances cited by the Government."

  At present, Plaintiff has no position.  She does not think it is likely there is an actual conflict, but as explained below, cannot take a position without more detailed information.  In principle, Plaintiff can see circumstances where recusal is not warranted and can see circumstances where it would be.  The only circumstances the Government has identified are that Your Honor "communicated with the [AUSAs]" on the habeas case, and that "the communications were related to Plaintiff's then-upcoming hearing," at which the habeas Court found that Plaintiff's confinement was unconstitutional.  ECF No. 36 at 1.

  Plaintiff has not seen the communications at issue.  To consider two illustrative (but not intended to be demonstrating the sole possibilities) examples:  If Your Honor essentially handled scheduling preparation sessions between MDC officials and the relevant AUSAs, those would be "communications," "with the [AUSAs]," that were "related to Plaintiff's then-upcoming hearing" that would not be a serious basis to claim actual bias or the appearance of bias.  If, on the other hand, Your Honor did something like prepare a memorandum about Plaintiff's criminal history aimed at developing a credibility based cross-examination and expressed a personal view that Plaintiff's confinement was Constitutional, that might be a basis to think there was actual bias as well as the appearance thereof.

  It seems best if the Government submits the relevant communications *in camera*.  Plaintiff also believes it would be appropriate for the Government to disclose the communications with appropriate redactions and a privilege log for those things claimed as work product or attorney client communication, so that Plaintiff can at least look at the shape of the communication and the physical size of redactions to get a better idea of the range of possibilities.  Plaintiff also trusts the Court's judgment.

  As ever, I thank the Court for its time and consideration.



Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com